UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM SHADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18CV16 HEA |
| | ) | |
| CARL KINKSEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff William Shade for leave to commence this civil action without prepayment of the required filing fee. The Court will grant the motion, and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will dismiss plaintiff's claims based upon the First Amendment, and stay and administratively close the remaining proceedings pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), due to the pendency of an underlying criminal case against plaintiff that arises out of the same facts.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

When plaintiff did not submit a certified inmate account statement in support of the instant motion, the Court ordered him to do so. (Docket No. 4). In response, plaintiff averred that he had tried, without success, to obtain a copy of the statement. (Docket No. 5). The Court will therefore assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

Plaintiff, an inmate at the Ste. Genevieve County Jail, brings this action pursuant to 42 U.S.C. § 1983 against Cark Kinskey (Ste. Genevieve County prosecuting attorney); Officer Nick Basinger, Baliff Unknown Conrad, Lieutenant Unknown Crump, the City of Ste. Genevieve, and Sergeant P. Karol. He sues the defendants in an official and individual capacity.

According to Missouri Case.net, the State of Missouri's online docketing system, plaintiff is presently a defendant in the case of *State v. William J. Shade*, Case No. 17SG-CR00789-01 (24th Jud. Cir. Sept. 13, 2017). He is facing felony charges of first degree kidnapping, armed

criminal action, first degree tampering with a motor vehicle, resisting arrest, and unlawful use of a weapon. In the instant complaint, plaintiff explains the events leading to his arrest and imprisonment in the Ste. Genevieve County Jail on these charges, and claims that the defendants violated his First, Fourth and Fourteenth Amendment rights. Specifically, he alleges as follows.

On or around September 13, 2017, plaintiff was in a car being driven by his fiancée, Amy. They were driving to the Ste. Genevieve County courthouse to allow plaintiff to resolve pending charges against him for operating a vehicle without a license, unlawful use of drug paraphernalia, and speeding. While en route, plaintiff began experiencing feelings of panic and paranoia, but Amy calmed him down.

Upon arrival at the courthouse, Amy went inside to use the restroom, and plaintiff got in the driver's seat and began driving around, looking for a parking place. Suddenly, defendant Officer Crump pulled in front of him in a police car, and another police car pulled in behind. Defendants Crump and Basinger got out and ordered plaintiff out of the vehicle. Plaintiff complied. Crump and Basinger handcuffed plaintiff, and searched his vehicle. Defendant Conrad participated in the search, and asked plaintiff "where's the knife?" (Docket No. 1 at 4). Plaintiff responded he did not know. Plaintiff was arrested and taken to the Ste. Genevieve County Jail.

Conrad, Basinger and Crump then returned to the courthouse to talk to Amy. Amy was crying and visibly upset after she found out plaintiff had been arrested. She had previously told them that although plaintiff's behavior was erratic, he did not pose a threat to her. However, "Conrad, Basinger and Crump insisted that she tell them that [plaintiff] 'threatened to kill her' and that [plaintiff] was 'armed and dangerous.'" *Id.* at 5. They pressured and threatened Amy until she falsely stated that plaintiff was armed and dangerous, and that he had kidnapped her,

4

taken her car without her permission, and threatened to kill her with a knife. Kinskey presented this false evidence to the grand jury, which returned an indictment against plaintiff, charging him with kidnapping, armed criminal action, tampering, resisting arrest, and unlawful use of a weapon.

After plaintiff was indicted, Conrad, Basinger and Crump continued to coerce false testimony from Amy. Kinskey contacted Amy and told her to give him false statements so that he could put plaintiff in prison. Amy eventually told Kinskey, Crump, Conrad and Basinger that plaintiff had not kidnapped her and could not have tampered with the car, but the defendants continued to insist that Amy falsely testify against plaintiff.

Amy later told plaintiff that letters he had sent her had not been delivered. One day, Kinskey told Amy that if she continued to talk to plaintiff or plaintiff's mother, he would charge plaintiff with more crimes. Because of this, Amy stopped writing to plaintiff. Kinskey, Crump, Conrad and Basinger also had Amy's phone number and email address blocked from the systems used by inmates. Karol was told to review plaintiff's non-legal mail and scan it so it could be sent to Kinskey. Plaintiff claims this violated his First Amendment rights because it was done in retaliation for plaintiff's criticism of the defendants.

Plaintiff states that Ste. Genevieve, Missouri has a "policy and/or custom" of allowing the foregoing conduct, and that such policy/custom was the moving force behind the alleged constitutional violations. Plaintiff also contends that Crump, Basinger, and Conrad violated his Fourth Amendment rights when they arrested him without probable cause, and when they seized and searched his car without probable cause or his consent.

Plaintiff states that he brings a claim for "unlawful pretrial detention" under the Fourth Amendment, and also brings a substantive due process claim, against Kinksey, Conrad, Crump

5

and Basinger for fabricating evidence and suborning perjured testimony from Amy. Plaintiff contends that Kinskey, Crump, Conrad and Basinger all violated plaintiff's right to substantive due process when they individually and collectively fabricated evidence and suborned perjured testimony. He also states he "brings a state law civil conspiracy claim and a 42 U.S.C. § 1983 civil conspiracy claim against Stolzer, Karol, Crump, Conrad, Basinger, and Kinskey" because they kept him from talking to Amy and fabricated evidence. *Id.* at 9. Finally, he states he brings a *Monell* claim against Ste. Genevieve, Missouri because it failed to train its officers regarding arrests, searches, and seizures. He seeks declaratory, injunctive and monetary relief.

## Discussion

### A. First Amendment

Plaintiff alleges that Kinskey, Crump, Conrad and Basinger retaliated against him because he criticized them. To state a *prima facie* case for First Amendment retaliation, plaintiff must allege that he engaged in protected activity and that defendants, to retaliate against plaintiff for engaging in that activity, took adverse action against him that would chill a person of ordinary firmness from engaging in that activity. *See Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004). Here, plaintiff cites case law supporting the conclusion that criticism of public officials is protected speech. However, he fails to identify any particular speech criticizing any of the defendants, and he fails to allege facts from which it could reasonably be inferred that any defendant was even aware of any such speech, much less that they retaliated against him because of it. The Court therefore concludes that plaintiff has failed to state a claim of retaliation under the First Amendment, and will dismiss this claim pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir.1996) (*per curiam*) (speculative and conclusory allegations cannot support retaliation claim); *Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir. 1987) (a

6

complaint that alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone).

**B.** *Wallace v. Kato*

The remainder of the complaint asserts § 1983 claims for illegal arrest, search and seizure, "unlawful pretrial detention," fabricating/manufacturing evidence, and conspiracy. In *Wallace v. Kato*, the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." 549 U.S. 384, 397 (2007). The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Here, the remaining claims plaintiff asserts relate to rulings that "will likely be made in a pending or anticipated criminal trial." *Id.* The principles of *Wallace v. Kato* dictate that further consideration of these claims should be stayed until the underlying criminal matter against plaintiff has been resolved through state criminal proceedings. *See, e.g.*, *Vonneedo v. Dennis*, Case No. 1:17-cv-183-NAB, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (staying § 1983 case alleging unconstitutional search and seizure under principles articulated in *Wallace v. Kato*);

*Anderson v. Robinson*, Case No. 4:12-cv-967-CAS, 2013 WL 4502598, at *1 (E.D. Mo. Aug. 22, 2013) (same).

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's claims based upon the First Amendment are **DISMISSED**. A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending final disposition of the criminal charges pending against plaintiff in *State v. William J. Shade*, Case No. 17SG-CR00789-01 (24th Jud. Cir. Sept. 13, 2017), as well as any direct appeals and post-conviction proceedings.

**IT IS FURTHER ORDERED** that plaintiff shall have thirty (30) days to notify the Court in writing concerning the final disposition of the criminal charges pending against him in *State v. William J. Shade*, Case No. 17SG-CR00789-01 (24th Jud. Cir. Sept. 13, 2017).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges against plaintiff, and may be reopened by this Court upon a ruling on a motion to reopen the case after such final disposition.

Dated this 4th day of May, 2018

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE